IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>        *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>        *Defendant*. | Case No. 20-cv-1211 |

# COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Department of Justice under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from

continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Department of Justice (DOJ) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Office of Information Policy (OIP) is a component of DOJ and processes FOIA requests on behalf of itself and several other DOJ components including the Office of the Attorney General (OAG), and the Office of the Deputy Attorney General (ODAG). DOJ has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

7. On February 28, 2020, American Oversight filed three FOIA requests with DOJ that sought, broadly speaking, records with the potential to shed light on any improper political influence on the DOJ prosecution of former National Security Advisor Michael Flynn.

8.     On May 7, 2020, DOJ moved to dismiss its criminal information against former National Security Advisor Flynn, despite his having pled guilty. Gov't Mot. to Dismiss, *U.S. v. Flynn*, Crim. No. 17-232-EGS (D.D.C. filed May 7, 2020), ECF No. 198.

*Flynn Communications FOIA*

9.     On February 28, 2020 American Oversight submitted a FOIA request to DOJ seeking the following:

1. All communications (including emails, email attachments, calendar invitations, calendar attachments, text messages, messages on messaging platforms such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), letters, memoranda, or other communications) between (a) any of the DOJ officials listed in Column A below, and (b) any of the external parties listed in Column B below:

| Column A: DOJ Officials | Column B: External Parties |
|---|---|
| Office of the Attorney General<br>a) Attorney General William Barr, or anyone communicating on his behalf such as an assistant or scheduler<br>b) Chief of Staff Brian Rabbitt<br>c) Deputy Chief of Staff & Counselor John Moran<br>d) Former Counselor to the Attorney General Seth DuCharme<br>e) Former White House Liaison Rachel Parker-Bissex, or anyone serving in the role of White House Liaison<br>f) Any counselors to the U.S. Attorney with any responsibility for any criminal or national security matters or supervisory/oversight responsibility for the U.S. Attorney's Office for the District of Columbia<br><br>Office of the Deputy Attorney General<br>a) Deputy Attorney General Jeffrey Rosen, or anyone communicating | i.  Sidney Powell, Molly McCann, or any other employee or representative of Sidney Powell PC (including but not limited to email correspondence with sidney@federalappeals.com, mccann.mol@gmail.com, or any other email address ending in @federalappeals.com)<br>ii. Stephen Pierce Anthony or Robert Kelner (including but not limited to email correspondence with santhony@cov.com or rkelner@cov.com)<br>iii. Jesse Binnall, Lindsay McKasson, or any other employee or representative of Harvey & Binnall, PLLC (including but not limited to email correspondence with jbinnall@harveybinnall.com, lmckasson@harveybinnall.com, or any other email address ending in @harveybinnall.com)<br>iv. W. William Hodes or any other employee or representative of The William Hodes Law Firm |

3

| | |
|---|---|
| on his behalf such as an assistant or scheduler<br>b) Former Principal Associate Deputy Attorney General Ed O'Callaghan<br>c) Principal Associate Deputy Attorney General Seth DuCharme<br>d) Anyone serving in the role of Chief of Staff<br>e) Any staff with any responsibility for any criminal or national security matters or supervisory/oversight responsibility for the U.S. Attorney's Office for the District of Columbia | (including but not limited to email correspondence with wwh@hodeslaw.com, or any other email address ending in @hodeslaw.com) |

For item 1 of this request, please provide all responsive records from June 1, 2019, through the date the search is conducted.

2. All communications (including emails, email attachments, calendar invitations, calendar attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), letters, memoranda, or other communications) of the DOJ officials below containing the key terms "Flynn", "Grack", "17-cr-00232", "17-cr-232", or "17-232".

   DOJ Officials:

   Office of the Attorney General
   a) Attorney General William Barr, or anyone communicating on his behalf such as an assistant or scheduler
   b) Chief of Staff Brian Rabbitt
   c) Deputy Chief of Staff & Counselor John Moran
   d) Former White House Liaison Rachel Parker-Bissex, or anyone serving in the role of White House Liaison
   e) Any counselors to the U.S. Attorney with any responsibility for any criminal or national security matters or supervisory/oversight responsibility for the U.S. Attorney's Office for the District of Columbia

   Office of the Deputy Attorney General
   a) Deputy Attorney General Jeffrey Rosen, or anyone communicating on his behalf such as an assistant or scheduler
   b) Former Principal Associate Deputy Attorney General Ed O'Callaghan

    c) Principal Associate Deputy Attorney General Seth DuCharme
    d) Anyone serving in the role of Chief of Staff
    e) Any staff with any responsibility for any criminal or national security matters or supervisory/oversight responsibility for the U.S. Attorney's Office for the District of Columbia

Please note that American Oversight does not seek, and that this request specifically excludes, the initial mailing of news clips or other mass-distribution emails. However, subsequent communications forwarding such emails are responsive to this request. In other words, for example, if AG Barr received a mass-distribution news clip email including one of the key terms listed above, that initial email would not be responsive to this request. However, if AG Barr forwarded that email to another individual with his own commentary, that subsequent message would be responsive to this request and should be produced.

For item 2 of this request, please provide all responsive records from the following timeframes:

- June 1, 2019, through July 31, 2019
- January 1, 2020, through the date the search is conducted

10. OIP acknowledged this request on March 27, 2020 and assigned the request tracking number DOJ-2020-00385.

11. American Oversight has not received any further communications from DOJ regarding this request.

*Guidance and Directives FOIA*

12. Also on February 28, 2020, American Oversight submitted a FOIA request to DOJ seeking the following:

1. Records sufficient to identify all "outside prosecutors" assigned to review the federal criminal case against former National Security Advisor Michael Flynn, as reported by the *New York Times* on February 14, 2020,[FN] including but not limited to prosecutors in the office of the U.S. Attorney in St. Louis and prosecutors in the Office of the Deputy Attorney General.

2. All formal guidance or directives provided to any "outside prosecutors" (or their staff) assigned to review the federal criminal case against former National Security Advisor Michael Flynn,

5

concerning the scope of any review, evaluation, assessment, or investigation related to Mr. Flynn and/or his criminal investigation and/or prosecution.

3. All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) to or from any "outside prosecutors" (or any of their staff) assigned to review the federal criminal case against former National Security Advisor Michael Flynn regarding any review, evaluation, assessment, or investigation related to Mr. Flynn and/or his criminal investigation and/or prosecution.

American Oversight believes DOJ is in the best position to identify custodians of records responsive to this request. However, at a minimum, American Oversight believes the following custodians should be included in the search:

DOJ Officials:

Office of the Attorney General
a) Attorney General William Barr, or anyone communicating on his behalf such as an assistant or scheduler
b) Chief of Staff Brian Rabbitt
c) Deputy Chief of Staff & Counselor John Moran
d) Former Counselor to the Attorney General Seth DuCharme
e) Former White House Liaison Rachel Parker-Bissex, or anyone serving in the role of White House Liaison

Office of the Deputy Attorney General
a) Deputy Attorney General Jeffrey Rosen, or anyone communicating on his behalf such as an assistant or scheduler
b) Former Principal Associate Deputy Attorney General Ed O'Callaghan
c) Principal Associate Deputy Attorney General Seth DuCharme
d) Anyone serving in the role of Chief of Staff
e) Any staff with any responsibility for any criminal matters or supervisory/oversight responsibility for the U.S. Attorney's Office for the District of Columbia

Please provide all responsive records from January 1, 2020, through the date the search is conducted.

13. OIP acknowledged this request on March 27, 2020 and assigned the request tracking number DOJ-2020-00386.

14. American Oversight has not received any further communications from DOJ regarding this request.

*White House Communications FOIA*

15. Also on February 28, 2020, American Oversight submitted a FOIA request to DOJ seeking the following:

> All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between (1) any of the DOJ officials listed below, and (2) the White House Office (including but not limited to anyone communicating with an email address ending in @who.eop.gov) regarding any matters related to *United States v. Flynn*, Crim. No. 17-232.
>
> DOJ Officials:
>
> Office of the Attorney General
> a) Attorney General William Barr, or anyone communicating on his behalf such as an assistant or scheduler
> b) Chief of Staff Brian Rabbitt
> c) Deputy Chief of Staff & Counselor John Moran
> d) Former Counselor to the Attorney General Seth DuCharme
> e) Former White House Liaison Rachel Parker-Bissex, or anyone serving in the role of White House Liaison
>
> Office of the Deputy Attorney General
> a) Deputy Attorney General Jeffrey Rosen, or anyone communicating on his behalf such as an assistant or scheduler
> b) Former Principal Associate Deputy Attorney General Ed O'Callaghan
> c) Principal Associate Deputy Attorney General Seth DuCharme
> d) Anyone serving in the role of Chief of Staff

e) Any staff with any responsibility for any criminal matters or supervisory/oversight responsibility for the U.S. Attorney's Office for the District of Columbia

Please provide all responsive records from June 1, 2019, through the date the search is conducted.

16. OIP acknowledged this request on March 27, 2020 and assigned the request tracking number DOJ-2020-00387.

17. American Oversight has not received any further communications from DOJ regarding this request.

*Exhaustion of Administrative Remedies*

18. As of the date of this complaint, DOJ has failed to (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records DOJ intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

19. Through DOJ's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

20. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

21. American Oversight properly requested records within the possession, custody, and control of DOJ.

22. DOJ is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

23. DOJ has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

24. DOJ's failure to conduct an adequate search for responsive records violates FOIA and DOJ regulations.

25. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

### COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

26. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

27. American Oversight properly requested records within the possession, custody, and control of DOJ.

28. DOJ is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

29. DOJ is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

30. DOJ is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

31. DOJ's failure to provide all non-exempt responsive records violates FOIA and DOJ regulations.

32. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: May 11, 2020                                   Respectfully submitted,

*/s/ Daniel A. McGrath*
Daniel A. McGrath
D.C. Bar No. 1531723

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-4213
daniel.mcgrath@americanoversight.org

*Counsel for Plaintiff*